UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY MYRICK,<br><br>　　　　　　　Plaintiff,<br>　v.<br>SUWE, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:24-cv-00108-ART-CSD<br><br>**ORDER** |

　　　　Plaintiff Gregory Myrick filed this civil-rights action as a pro se party under 42 U.S.C. § 1983. The Court screened Myrick's pro se complaint and found that he stated certain colorable claims. (ECF No. 10.) Counsel then entered an appearance on Myrick's behalf (ECF No. 18), before filing a motion to withdraw as attorney of record almost three weeks later. (ECF No. 22.) There are several matters for the Court to address before this case can proceed.

**I.　　Motion to Withdraw (ECF No. 22)**

　　　　The Court issued an Order giving Myrick a deadline of April 11, 2025, to file an optional response to his counsel's motion to withdraw. (ECF No. 23.) Plaintiff did not file a response by the deadline.

　　　　There is no general right to counsel in civil cases. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). District courts have broad discretion to rule on a motion to withdraw as counsel. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). "In considering such a motion, courts may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (citation and quotation marks omitted). This Court's local rules emphasize the importance of considering whether withdrawal will delay proceedings when ruling on such a motion. *See* Nev. LR IA 11-6(e) ("Except for good cause shown,

no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case.").

The Court grants the motion. Counsel states that "an irretrievable breakdown in communication between attorney and client ha[s] resulted in a fundamental disagreement as to the litigation of this matter." (ECF No. 22 at 2.) Plaintiff had an opportunity to file a response taking issue with this statement, but he did not do so. Also, this case is still at the preservice stage, and counsel submitted no motions or filings on Myrick's behalf during the brief window between entering an appearance and filing a motion to withdraw, so it does no appear that withdrawal will prejudice other litigants, harm the administration of justice, or delay resolution of the case. (*But see* ECF No. 24 (application to proceed *in forma pauperis* filed by Myrick himself after the motion to withdraw).) The Court therefore permits counsel to withdraw, and Plaintiff is now a pro se party once again.

## II.     Filing Fee and IFP Application (ECF No. 24)

In a prior Order, having previously denied Myrick's application to proceed *in forma pauperis* ("IFP"), the Court directed Myrick to pay the $405 filing fee in one lump sum by May 16, 2025. (ECF No. 23 at 1.) Rather than pay the fee, Myrick filed a new IFP application. (ECF No. 24.) But this IFP application is incomplete, as Plaintiff did not include the financial documents required by that form. The Court now grants Myrick the option of <u>either</u> paying the full $405 filing fee <u>or</u> filing a fully complete IFP application by **May 16, 2025**.

To file a fully complete IFP application, an inmate must submit **all three** of the following documents to the Court: (1) a completed IFP application, which is pages 1-3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1), (2); Nev. LSR 1-2. IFP status does not relieve an

inmate of his obligation to pay the filing fee, it just means that he can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

### III. Plaintiff's Address

Finally, the Court notes that the address listed for Plaintiff on the docket is not current. Plaintiff last updated his address to the Pioche Conservation Camp (ECF No. 15), but his most recent filing reflects that he is now located at High Desert State Prison. (*See* ECF No. 24 at 3.) Now that Plaintiff is a pro se party again, he is reminded that he must "immediately file with the court written notification of any change of mailing address, email address, telephone number." Nev. LR IA 3-1. Failure to do so "may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." *Id.* The Court grants Myrick until **May 16, 2025**, to file his updated address with the Court.

### IV. Conclusion

It is therefore ordered that the motion to withdraw as attorney of record filed by Myrick's counsel (ECF No. 22) is **granted**. Myrick is now a pro se party once again.

It is further ordered that Myrick has until **May 16, 2025**, to either pay the full $405 filing fee or file a complete IFP application with all three required documents: (1) a completed IFP application with his two signatures on page 3; (2) a completed financial certificate that is signed both by Myrick and the prison or jail official; and (3) a copy of Myrick's inmate trust fund account statement for the previous six-month period.

It is further ordered that Myrick has until **May 16, 2025**, to file his updated address with the Court.

It is further ordered that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this Order.

It is further ordered that, if Plaintiff timely complies with this Order, this case will be eligible for participation in the Court's Inmate Early Mediation Program.

The Clerk of Court is kindly directed to send Myrick the approved IFP application and the instructions for completing that application.

1     The Clerk of Court is further directed to send a courtesy copy of this Order to Myrick at High Desert State Prison.

DATED: April 21, 2025.

                                                              *C S D*
                                        UNITED STATES MAGISTRATE JUDGE